1

2

3

4 **UNITED STATES DISTRICT COURT**

5 **DISTRICT OF NEVADA**

6 GLENDA L. COOPER,                                    3:14-cv-00265-MMD-WGC

7                                     Plaintiff,    **REPORT & RECOMMENDATION OF**
                                                   **U.S. MAGISTRATE JUDGE**
8          v.

9 HUMBOLDT COUNTY SUPERIOR COURT,
  et. al.,
10
                                   Defendants.
11

12          This Report and Recommendation is made to the Honorable Miranda M. Du, United

13 States District Judge. This action was referred to the undersigned Magistrate Judge pursuant to

14 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4. Before the court are

15 Plaintiff's Application to Proceed in Forma Pauperis (Doc. # 1)[1] and pro se Complaint (Doc.

16 # 1-1). Plaintiff has also filed a Motion for Appointment of Counsel (Doc. # 3), Motion in

17 Limine (Doc. # 4) and Request for Confidential Emergency Protective Order (Doc. # 6).

18                    **I. APPLICATION TO PROCEED IN FORMA PAUPERIS**

19          A person may be granted permission to proceed in forma pauperis if the person "submits

20 an affidavit that includes a statement of all assets such [person] possesses [and] that the person is

21 unable to pay such fees or give security therefor. Such affidavit shall state the nature of the

22 action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C.

23 § 1915; *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (stating that this provision

24 applies to all actions filed in forma pauperis, not just prisoner actions).

25          In addition, the Local Rules of Practice for the District of Nevada provide: "Any person,

26 who is unable to prepay the fees in a civil case, may apply to the Court for authority to proceed

27 *in forma pauperis*. The application shall be made on the form provided by the Court and shall

28
_____

      [1] Refers to court's docket.

1    include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities."
2    LSR 1-1.

3    "'[T]he supporting affidavits [must] state the facts as to [the] affiant's poverty with some
4    particularity, definiteness and certainty.'" *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981)
5    (quoting *Jefferson v. United States*, 277 F.2d 823, 725 (9th Cir. 1960)). A litigant need not "be
6    absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont De Nemours &
7    Co.*, 335 U.S. 331, 339 (1948).

8    The court has reviewed Plaintiff's application and it appears she is unable to pay the filing
9    fee; therefore, her application to proceed in forma pauperis should be granted.

10   **II. SCREENING**

11   **A. Standard**

12   28 U.S.C. §  1915 provides: "the court shall dismiss the case at any time if the court
13   determines that...the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon
14   which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune
15   from such relief. 28 U.S.C. §  1915(e)(2)(B)(i)-(iii). This provision applies to all actions filed in
16   forma pauperis, whether or not the plaintiff is incarcerated. *See Lopez v. Smith*, 203 F.3d 1122,
17   1129 (9th Cir. 2000) (en banc); *see also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (per
18   curiam).

19   Dismissal of a complaint for failure to state a claim upon which relief may be granted is
20   provided for in Federal Rule of Civil Procedure 12(b)(6), and this court applies the same
21   standard under Section 1915(e)(2)(B) when reviewing the adequacy of the complaint or amended
22   complaint. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (citation omitted). Review
23   under 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*,
24   232 F.3d 719, 723 (9th Cir. 2000).

25   In reviewing the complaint under this standard, the court must accept as true the
26   allegations of the complaint, *Hosp. Bldg. Co. v. Trustees of Rex Hosp.*, 425 U.S. 738, 740 (1976),
27   construe the pleadings in the light most favorable to plaintiff, and resolve all doubts in the
28   plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Allegations in pro se

complaints are held to less stringent standards than formal pleadings drafted by lawyers, and must be liberally construed. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*); *Hamilton v. Brown*, 630 F.3d 889, 893 (9th Cir. 2011).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, at 235-36 (3d ed. 2004)). At a minimum, a plaintiff should state "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (dismissed as frivolous); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

**B. Plaintiff's Complaint**

Plaintiff's Complaint names the following defendants: California Superior Court for the County of Humboldt, California Superior Court for the County of Glenn, Judge Timothy Cissna of the Humboldt County Superior Court, Judge Byrd of the Glenn County Superior Court, Rodney D. Cooper, Sr. (a California resident), Judy Cooper (a California resident), and Troy Steven Fletcher (a California resident). (Doc. # 1-1 at 1-2.) She brings this action pursuant to 42 U.S.C. § 1983. (*Id*.)

Plaintiff asserts that she lived with defendants, the Coopers in Artois, California from 2009 until April 7, 2014. (Doc. # 1-1 at 2.) She also states that she was married to Troy S. Fletcher in 1997, was separated from him in 2003 and divorced in 2004. (*Id*. at 3.) Together, they have one minor child. (*Id*.)  She relays that she was originally granted sole physical custody of their son, but in 2007, her son was taken away and physical custody was granted to Mr. Fletcher.

1    (*Id*.) She references some details about a custody hearing and allegations that she was trying to

2    influence the outcome. (*Id*.)

3        She goes on to aver that she was served with two restraining orders in Humboldt County

4    California and Glenn County California with respect to her ex-husband, Mr. Fletcher, and the

5    Coopers. (*Id*. at 4.) She then discusses an event where she claims she was injured by drinking an

6    iced-coffee from a fast food restaurant where someone put live bugs in her drink, and the

7    Coopers saved her life and raised money to pay her medical bills. (*Id*. at 5.)  She alleges that she

8    had an altercation with Ms. Cooper on March 7, 2014, and Mr. Cooper filed a report of the

9    incident. (*Id*. at 5-6.)

10       Plaintiff then claims that she went to the Glenn County Courthouse to discuss the

11   restraining order, and says she was given the wrong fax number to the court. (*Id*. at 6.) She also

12   avers that she did not receive a response to a request to appear for a hearing telephonically. (*Id*.)

13   With respect to the Humboldt County Court, she states that she was not given adequate

14   instruction to obtain her fee-waiver. (*Id*. at 7.)

15       Next, Plaintiff discusses a serious of events where she tried to get back the original copies

16   of her birth certificate and social security card from the Coopers, where she had been staying.

17   (*Id*. at 7.) She received information that Ms. Cooper had gone on vacation. (*Id*.)

18       Finally, Plaintiff alleges that in April 2014, she was harassed by a stranger in Carson

19   City, Nevada. (*Id*. at 8.)

20       In her request for relief, she asks for: (1) a citation for contempt of court against the

21   Humboldt County and Glenn County Superior Courts; (2) a citation of contempt against Troy

22   Steven Fletcher for violation of a restraining order; (3) that the restraining orders against her be

23   dismissed "and moved to a forum more convenient to petitioner" and  a "re-trial in both cases;"

24   (4) that any medical trust fund set up for her "stay primarily with her;" and (5) compensatory

25   damages.

26       After carefully reviewing the allegations of Plaintiffs' complaint, which are difficult to

27   follow and decipher, the court concludes that Plaintiff sets forth no cognizable claim for relief.

28   With respect to the Coopers and Mr. Fletcher, Plaintiff states that she wants the temporary

1 restraining orders against her dismissed, but that is not relief this court can afford her. Nor can

2 the court hold these individuals in contempt for alleged violation of these restraining orders.

3 With respect to the "medical trust fund," Plaintiff herself states that she does not even know if

4 such a fund is in existence and the court cannot discern any basis for a claim related to this issue.

5 Finally, the court cannot ascertain any other colorable claim stated by Plaintiff's averments.

6 Therefore, the court recommends that Plaintiff's action be dismissed and that her pending

7 motions (Docs. # 3, # 4, and # 6) be denied as moot. It does not appear that Plaintiff could amend

8 this action to state a claim; therefore, the dismissal of the action should be with prejudice.

9 ### III. RECOMMENDATION

10 **IT IS HEREBY RECOMMENDED** that Plaintiff's Application to Proceed in Forma

11 Pauperis be **GRANTED**; however, it is further recommended that Plaintiff's action be

12 **DISMISSED WITH PREJUDICE**. As a result, Plaintiff's pending motion for appointment of

13 counsel (Doc. # 3), motion in limine (Doc. # 4), and request for confidential emergency

14 protective order (Doc. # 6) be **DENIED AS MOOT**.

15 Plaintiff should be aware of the following:

16 1. That she may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to

17 this Report and Recommendation within fourteen days of receipt. These objections should be

18 titled "Objections to Magistrate Judge's Report and Recommendation" and should be

19 accompanied by points and authorities for consideration by the district judge.

20 2. That this Report and Recommendation is not an appealable order and that any notice of

21 appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed

22 until entry of judgment by the district court.

23

24 DATED: August 26, 2014

25 _____
WILLIAM G. COBB

26 UNITED STATES MAGISTRATE JUDGE

27

28

- 5 -